No. A-CV-04-81

April 22, 1982

COURT OF APPEALS OF THE NAVAJO NATION

HOWARD DANA AND ASSOCIATES, Appellant,

vs.

NAVAJO HOUSING AUTHORITY, Appellee.

ORDER DENYING APPEAL

Albert Hale, Esq., Window Rock, Navajo Nation (Arizona), for appellant and John H. Schuelke, Gallup, New Mexico for appellee.

7 NTC Sec. 801(a) requires that persons who wish to appeal must "request permission from the Chief Justice to appeal to the Court of Appeals, stating the reasons why he wants to appeal." Once a request for permission to appeal is considered by the Chief Justice, he may permit an appeal and assign it for a hearing if the reasons shown in the request demonstrate. "probable cause." "Probable cause" obviously means a finding from the request there is reason to believe an error has been committed by the District Court.

This is an appeal from an order denying Howard Dana and Associates' motion for a writ of execution. The order was dated June 17, 1980. The notice of appeal and supporting brief were filed on February 18, 1981. Following that filing the Window Rock District Court, by the Honorable Marie F. Neswood, ruled that the denial of the motion for a writ of execution did not bar the plaintiffs from again asking for a writ of execution under 7 NTC Sec. 705. Since Judge Neswood's order has given an adequate remedy at law to the plaintiffs, they are no longer aggrieved by the denial of the motion and this appeal will be dismissed for mootness.

It should be noted that 7 NTC Sec. 705 provides that a judgment creditor may have a writ of execution any time within five years of the entry of judgment and can have as many writs as are needed to collect the money judgment. 7 NTC Sec. 706 is mandatory and must be followed. That statute requires the Clerk of Court to issue a writ when the judgment creditor asks for it. It is not the procedure to request a writ by motion. The judgment creditor simply presents a writ of execution to the Clerk of Court, and if the clerk finds the proposed writ to be regular and in accordance with the judgment, it must be issued. See, 30 Am.Jur.2d, Executions, Sec. 37.

I note that the plaintiffs' brief on appeal raises the issue of whether or not the defendants' funds and assets are immune from levy

and execution. Although it could be argued the Court of Appeals should decide that question, and a possible prior consideration of that issue by the District Court may preclude a finding of mootness, I deny the appeal nonetheless.

Whenever the District Courts make an order or judgment based upon disputed facts or disputed points of law, there should be findings as to what facts are found and what points of law are accepted. Otherwise the Court of Appeals if unable to know the basis for the District Court's ruling.

My instruction on remand to the District Court is that the plaintiffs present their writ of execution for issuance by the Clerk of Court. If the defendant contends the clerk is beyond her jurisdiction due to sovereign immunity, it may ask for appropriate relief by way of asking the District Court to prohibit her from issuing the writ or asking that the Court prohibit the Navajo Police from executing it. Once the issue is decided by the District Court, with findings of fact and law, then either party may immediately apply to this court for relief under 7 NTC Sec. 303, and I will order an immdiate hearing by the Court of Appeals.